**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TONY   HENEGAR   and   CHI
HENEGAR, his wife,

          Plaintiffs,

    vs.

UNITED STATES OF AMERICA,
HEALTH CARE CENTER FOR
THE   HOMELESS,   INC   d/b/a
ORANGE   BLOSSOM   FAMILY
HEALTH, WILBUR DAVIS, JR.,
D.D.S.,  and  ERICK  YGLESIAS,
D.D.S.,

CASE NO.:

**COMPLAINT**

Plaintiffs, TONY HENEGAR and CHI HENEGAR, sue Defendants, UNITED STATES

OF AMERICA, HEALTH CARE CENTER FOR THE HOMELESS, INC d/b/a ORANGE

BLOSSOM FAMILY HEALTH (hereinafter "ORANGE BLOSSOM FAMILY HEALTH"),

WILBUR DAVIS, JR., DDS, and ERICK YGLESIAS, DDS and allege as follows:

**PARTIES, VENUE AND JURISDICTION**

1.     Plaintiffs, TONY HENEGAR and CHI HENEGAR, are married to each other and

are residents of Orlando, Orange County, Florida.

2.     The United States of America is a Defendant in this action pursuant to the Federal

Tort Claims Act, 28 U.S.C. §§1346(b) and 2671, et seq.

3.     Plaintiff's claim is brought under the theory of dental malpractice, Florida Statutes,

Chapter 766.

4.     At the time of the alleged dental malpractice, WILBUR DAVIS, JR., DDS was an

agent, employee, or servant of ORANGE BLOSSOM FAMILY HEALTH, was acting in the

1

course and scope of his agency or employment, and was a deemed employee or agent of the United States pursuant to 42 U.S.C. § 233.

5.     At the time of the alleged dental malpractice, ERICK YGLESIAS., DDS was an agent, employee or servant of ORANGE BLOSSOM FAMILY HEALTH, was acting in the course and scope of his employment, and was a deemed employee of the United States pursuant to 42 U.S.C. § 233.

6.     At the time of the alleged dental malpractice, pursuant to 42 U.S.C. § 2339(g), ORANGE BLOSSOM FAMILY HEALTH was a Federally Supported Health Center and was deemed a federal employee and eligible for coverage under the Federal Tort Claims Act.

7.     This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised upon the acts and omissions of the Defendant acting under color of federal law. This court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendant, United States of America, for money damages, accruing on or after January 1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiffs.

8.     Jurisdiction founded upon federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, *et. seq.*

9.     Venue is proper in this district in that all of the acts and omissions forming the basis of these claims occurred at the Orange Blossom Family Health Dental Clinic at 232 N. Orange

Blossom Trail, Orlando, Florida 32805, which is located in Orange County, Florida in the Middle District of Florida, and arose on or about January 10, 2017.

10.     Pursuant to the FTCA, 28 U.S.C. § 2671, *et. seq.,* on or about May 31, 2019, Plaintiff, TONY HENEGAR, presented his claim to the appropriate federal agency for administrative settlement under the FTCA, by filing an administrative claim with the U.S. Department of Health and Human Services Office of the General Counsel, 330 C. Street, SW, Suite 2600, Washington, D.C., 20201. (Notice of Claim for Tony Henegar attached hereto as Exhibit "A"). By letter dated November 18, 2019, Plaintiff's claim was denied in writing by the U.S. Department of Health and Human Services and such denial was sent by certified or registered mail to the Plaintiff. (Denial Letter for Tony Henegar's Claim attached hereto as Exhibit "B"). This lawsuit was then timely filed.

11.     Pursuant to the FTCA, 28 U.S.C. § 2671, *et. seq.,* on or about May 31, 2019, Plaintiff, CHI HENEGAR, timely presented her claim to the appropriate federal agency for administrative settlement under the FTCA, by serving notice of her claim to the U.S. Department of Health and Human Services Office of the General Counsel, 330 C. Street, SW, Suite 2600, Washington, D.C., 20201. (Acknowledgement of Receipt of Claim for Chi Henegar attached as Exhibit "C").  By letter dated March 9, 2020, Plaintiff's claim was denied in writing by the U.S. Department of Health and Human Services and such denial was sent by certified or registered mail. (Denial Letter for Chi Henegar's Claim attached hereto as Exhibit "D"). This lawsuit was then timely filed.

12.     This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the certified letter sent by the federal agency denying the claim.

13.     All of the conditions precedent for bringing this lawsuit have occurred or been waived.

## **GENERAL ALLEGATIONS**

14.     On or about January 10, 2017, Plaintiff, TONY HENEGAR, presented to the dental clinic operated by ORANGE BLOSSOM FAMILY HEALTH, in Orlando, Florida for dental care and treatment, including a dental procedure to remove a large segment of bone from the lower left portion of MR. HENEGAR's mandible.

15.     On or about January 10, 2017, Defendants, DR. WILBUR DAVIS, JR., DDS ("DR. DAVIS") and DR. ERICK YGLESIAS, DDS ("DR. YGLESIAS") performed an ostectomy to remove the superficial dead bone from MR. HENEGAR's mandible using a mallet and chisel.

16.     Defendants failed to properly perform the ostectomy procedure on Plaintiff, TONY HENEGAR.

17.     Specifically, Defendants, DR. DAVIS and DR. YGLESIAS, did not treat MR. HENEGAR with hyperbaric oxygen therapy prior to performing the ostectomy procedure. Hyperbaric oxygen therapy before surgery is and has been the standard of care for over 25 years.

18.     Despite the fact that MR. HENEGAR complained of pain during the ostectomy procedure, DR. DAVIS continued to perform the procedure until the point where MR. HENEGAR's jaw was fractured.

19.     After the ostectomy procedure, on January 25, 2017, MR. HENEGAR returned to ORANGE BLOSSOM FAMILY HEALTH with complaints of a sharp edge on the lower left part of his mouth. At that appointment, a piece of bone was removed.

20.     On January 31, 2017, MR. HENEGAR returned to ORANGE BLOSSOM FAMILY HEALTH and complained again of jaw pain and was unable to open his mouth.

21.     At this point, MR. HENEGAR was referred to an oral and maxillofacial specialist, who determined that Plaintiff had further bone exposure two weeks after his ostectomy. The specialist concluded that Plaintiff, MR. HENEGAR, had osteonecrosis of the mandible, a secondary infection, and a probable pathologic fracture of the jaw.

22.     Plaintiff, TONY HENEGAR, had a known medical history of tongue cancer, which was previously treated with 32 sessions of external beam radiation and 3 sessions of chemotherapy. Exposed bone in the area of cancer is a clear indication of osteoradionecrosis.

23.     Plaintiff, MR. HENEGAR, continued to experience significant pain in his jaw.

24.     As a result of this jaw fracture, MR. HENEGAR has experienced persistent, severe pain in his jaw and the rest of his body.

25.     Ultimately, over one month after his ostectomy, MR. HENEGAR underwent 20 hyperbaric oxygen sessions in order to obtain some pain relief.

26.     Eventually, it was confirmed that Plaintiff, MR. HENEGAR, had fractured his jaw.

27.     As a result, Plaintiff, MR. HENEGAR, required major surgery to repair the jaw fracture caused by Defendants. Specifically, Plaintiff needed a resection of the left mandible needed. An immediate composite microvascular reconstruction of skin, muscle and bone was accomplished using a composite graft from his left scapular region.

28.     As a result of the negligence of Defendants, MR. HENEGAR has had persistent pain in both surgical sites and now has limitation of movement in his left arm.

29.     As a result of the negligence of Defendants, MR. HENEGAR has permanent nerve damage on the left side of his tongue, jaw and face that has caused MR. HENEGAR to experience continuous tingling, numbness, pain and muscle cramps.

30.     Plaintiff, MR. HENEGAR, now has disrupted sleep, speech difficulties, and drools when eating or drinking.

31.     Plaintiff, MR. HENEGAR, will need dental implant treatment to restore missing teeth he has lost in the surgical area and will need comprehensive dental care to bring his mouth to a healthy state.

32.     Despite repeated visits for months, Defendants, DR. DAVIS, DR. YGLESIAS, and the UNITED STATES OF AMERICA, on behalf of ORANGE BLOSSOM FAMILY HEALTH, failed to give MR. HENEGAR appropriate dental care and treatment, and as a result, MR. HENEGAR's condition was aggravated and allowed to worsen for months.

33.     The negligent dental treatment by DR. DAVIS, DR. YGLESIAS, and the UNITED STATES OF AMERICA, on behalf of ORANGE BLOSSOM FAMILY HEALTH, that resulted in a broken jaw and delayed hyperbaric oxygen therapy, has affected every aspect of MR. HENEGAR and MRS. HENEGAR's lives that will continue indefinitely.

## COUNT I
## NEGLIGENCE OF THE UNITED STATES OF AMERICA

34.     Plaintiffs re-allege paragraphs one (1) through thirty-two (32) as if fully set forth herein and further allege:

35.     On or about January 10, 2017, Plaintiff, TONY HENEGAR presented to DR. DAVIS and DR. YGLESIAS at Orange Blossom Family Health Dental Clinic in Orlando, Florida for dental treatment, specifically, an ostectomy to remove a portion of exposed bone in MR. HENEGAR's mandible.

36.     At all times material to this action, UNITED STATES OF AMERICA, by and through its agents, servants, employees and/or apparent agents including, but not limited to ORANGE BLOSSOM FAMILY HEALTH, DR. DAVIS and DR. YGLESIAS, had a duty to

provide dental care and treatment in a competent prudent manner in accordance with the acceptable standard of care for dentists and dental care providers in Orange County, Florida or any other dental community and owed a duty of care to Plaintiff, TONY HENEGAR, to render such care commensurate with such standards.

37.     That in rendering dental care and treatment Defendant, UNITED STATES OF AMERICA, by and through its agents, servants, employees and/or apparent agents including, but not limited to ORANGE BLOSSOM FAMILY HEALTH, DR. DAVIS and DR. YGLESIAS, failed to exercise that level of care, skill and treatment which, in light of all the relevant surrounding circumstances, is acceptable and appropriate by reasonably prudent, similar dental care providers, in that Defendant, UNITED STATES OF AMERICA, by and through its agents, servants, employees and/or apparent agents including, but not limited to ORANGE BLOSSOM FAMILY HEALTH, DR. DAVIS and DR. YGLESIAS, was negligent in its care and treatment of Plaintiff, TONY HENEGAR, including by not limited to:

a.      Failure to properly provide dental treatment to Plaintiff, TONY HENEGAR;

b.      Failure to give Plaintiff hyperbaric oxygen therapy prior to surgery;

c.      Failure to properly review Plaintiff's medical records;

d.      Failure to properly perform the ostectomy procedure;

e.      Failure to properly treat dental complications; and

f.      Failure to properly remove the exposed bone from Plaintiff's mouth.

38.     As a direct and proximate result of the negligence of the Defendant, UNITED STATES OF AMERICA, through its agents, servants, employees and/or apparent agents, including but not limited to ORANGE BLOSSOM FAMILY HEALTH, DR. DAVIS and DR. YGLESIAS, as aforesaid, Plaintiff, TONY HENEGAR, suffered bodily injury and resulting pain

and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, shortened life expectancy, medical and dental expenses, care and treatment, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff, TONY HENEGAR, will continue to suffer the losses into the future.

WHEREFORE, Plaintiff, TONY HENEGAR, demands judgment for damages against UNITED STATES OF AMERICA, for the costs of this action and such further relief the Court may deem just and appropriate.

## COUNT II
## NEGLIGENCE OF ERICK YGLESIAS, DDS

39.     Plaintiffs re-allege paragraphs one (1) through thirty-two (32) as if fully set forth herein and further allege:

40.     At all times material hereto, Defendant, DR. YGLESIAS, had a duty to provide dental care and treatment in a reasonable, competent and prudent manner and in accordance with the acceptable standard of care for such dentists practicing in Orange County, Florida, or in any similar dental community and owed a duty of care to Plaintiff, TONY HENEGAR, to render such care commensurate with such standards.

41.     That in rendering dental care and treatment, Defendant, DR. YGLESIAS, failed to exercise that level of care, skill and treatment which, in light of all the relevant surrounding circumstances is acceptable and appropriate by reasonably prudent, similar healthcare providers, in that Defendant, DR. YGLESIAS, was negligent in his care and treatment of Plaintiff, TONY HENEGAR, including but not limited to:

a.     Failure to properly provide dental treatment to Plaintiff, TONY HENEGAR;

b.      Failure to give Plaintiff hyperbaric oxygen therapy prior to surgery;

8

c.      Failure to properly review Plaintiff's medical records;

d.      Failure to properly perform the ostectomy procedure;

e.      Failure to properly treat dental complications; and

f.      Failure to properly remove the exposed bone from Plaintiff's mouth.

42.     As a direct and proximate result of the negligence of the Defendant, DR. YGLESIAS, as aforesaid, Plaintiff, TONY HENEGAR, suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, shortened life expectancy, medical and dental expenses, care and treatment, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff, TONY HENEGAR, will continue to suffer the losses into the future.

WHEREFORE, Plaintiff, TONY HENEGAR, demands judgment for damages against ERICK YGLESIAS, DDS, for the costs of this action and such further relief the Court may deem just and appropriate. Plaintiff hereby demands a trial by jury.

## COUNT III
## NEGLIGENCE OF WILBUR DAVIS, JR., DDS

43.     Plaintiffs re-allege paragraphs one (1) through thirty-two (32) as if fully set forth herein and further allege:

44.     At all times material hereto, Defendant, DR. DAVIS, had a duty to provide dental care and treatment in a reasonable, competent and prudent manner and in accordance with the acceptable standard of care for such dentists practicing in Orange County, Florida, or in any similar dental community and owed a duty of care to Plaintiff, TONY HENEGAR, to render such care commensurate with such standards.

45.     That in rendering dental care and treatment, Defendant, DR. DAVIS, failed to exercise that level of care, skill and treatment which, in light of all the relevant surrounding circumstances is acceptable and appropriate by reasonably prudent, similar health care providers, in that Defendant, DR. DAVIS, was negligent in his care and treatment of Plaintiff, TONY HENEGAR, including but not limited to:

a.      Failure to properly provide dental treatment to Plaintiff, TONY HENEGAR;

b.      Failure to give Plaintiff hyperbaric oxygen therapy prior to surgery;

c.      Failure to properly review Plaintiff's medical records;

d.      Failure to properly perform the ostectomy procedure;

e.      Failure to properly treat dental complications; and

f.      Failure to properly remove the exposed bone from Plaintiff's mouth.

46.     As a direct and proximate result of the negligence of the Defendant, DR. DAVIS, as aforesaid, Plaintiff, TONY HENEGAR, suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, shortened life expectancy, medical and dental expenses, care and treatment, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff, TONY HENEGAR, will continue to suffer the losses into the future.

WHEREFORE, Plaintiff, TONY HENEGAR, demands judgment for damages against WILBUR DAVIS, JR., DDS, for the costs of this action and such further relief the Court may deem just and appropriate. Plaintiff hereby demands a trial by jury.

**COUNT IV**
**NEGLIGENCE OF HEALTH CARE CENTER FOR**
**THE HOMELESS, INC d/b/a ORANGE BLOSSOM FAMILY HEALTH**

47.     Plaintiffs re-allege paragraphs one (1) through thirty-two (32) as if fully set forth herein and further allege:

48.     At all times material hereto, Defendant, ORANGE BLOSSOM FAMILY HEALTH, by and through its agents, servants, employees and/or apparent agents had a duty to provide dental care and treatment in a reasonable, competent and prudent manner and in accordance with the acceptable standard of care for such dentists practicing in Orange County, Florida, or in any similar dental community and owed a duty of care to Plaintiff, TONY HENEGAR, to render such care commensurate with such standards.

49.     That in rendering dental care and treatment, Defendant, ORANGE BLOSSOM FAMILY HEALTH, by and through its agents, servants, employees and/or apparent agents failed to exercise that level of care, skill and treatment which, in light of all the relevant surrounding circumstances is acceptable and appropriate by reasonably prudent, similar healthcare providers, in that Defendant, ORANGE BLOSSOM FAMILY HEALTH, by and through its agents, servants, employees and/or apparent agents was negligent in his care and treatment of Plaintiff, TONY HENEGAR, including but not limited to:

a.     Failure to properly provide dental treatment to Plaintiff, TONY HENEGAR;

b.     Failure to give Plaintiff hyperbaric oxygen therapy prior to surgery;

c.     Failure to properly review Plaintiff's medical records;

d.     Failure to properly perform the ostectomy procedure;

e.     Failure to properly treat dental complications; and

f.     Failure to properly remove the exposed bone from Plaintiff's mouth.

50.     As a direct and proximate result of the negligence of the Defendant, ORANGE BLOSSOM FAMILY HEALTH, by and through its agents, servants, employees and/or apparent

agents as aforesaid, Plaintiff, TONY HENEGAR, suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, shortened life expectancy, medical and dental expenses, care and treatment, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff, TONY HENEGAR, will continue to suffer the losses into the future.

WHEREFORE, Plaintiff, TONY HENEGAR, demands judgment for damages against ORANGE BLOSSOM FAMILY HEALTH, for the costs of this action and such further relief the Court may deem just and appropriate. Plaintiff hereby demands a trial by jury.

## COUNT V
## CLAIM FOR LOSS OF CONSORTIUM BY CHI HENEGAR

51.     Plaintiffs re-allege paragraphs one (1) through thirty-two (32) as if fully set forth herein and further allege:

52.     By virtue of being the legally married spouse of Plaintiff, TONY HENEGAR, Plaintiff, CHI HENEGAR, hereby makes her consortium claim against all Defendants.

53.     As a result of the negligent dental treatment by Defendants, DR. DAVIS, DR. YGLESIAS, ORANGE BLOSSOM FAMILY HEALTH, and the UNITED STATES OF AMERICA, Plaintiff, CHI HENEGAR, lost sleep, watched her husband suffer, and has cared for MR. HENEGAR with the pain he has experienced since the ostectomy procedure that was negligently performed on or about January 10, 2017.

54.     As a direct and proximate result of the breach of duty by Defendants, in whole or in part, Plaintiff, CHI HENEGAR, has lost the love, affection, services, society and consortium of her husband, TONY HENEGAR, in the past, and will continue to suffer said losses in the future.

12

WHEREFORE, Plaintiff, CHI HENEGAR, demands judgment for damages against all Defendants, for the costs of this action and such further relief the Court may deem just and appropriate. Plaintiff hereby demands a trial by jury.

DATED 8th of May, 2020.

/s/ Sharon J. Henry
SHARON J. HENRY
Florida Bar Number 959774
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
Post Office Box 2854
Orlando, Florida 32802-2854
Telephone: (407) 425-9044
Facsimile: (407) 423-2016
Primary: shenry@mateerharbert.com
Attorneys for Plainiffs

4823-0775-8520, v. 1



**A T T O R N E Y S   A T   L A W**

ORLANDO

**SHARON JABLONSKI HENRY**
**E-MAIL ADDRESS**
shenry@mateerharbert.com

**DIRECT LINE**
**(407) 377-6773**

May 31, 2019

***CERTIFIED MAIL***
***RETURN RECEIPT REQUESTED***

Mr. Daniel Mendoza
Ms. Dorothea P. Koehler
Office of the General Counsel
General Law Division
Claims Office
330 C Street, SW
Switzer Building - Suite 2100
Washington, DC 20201

     Re:    *Administrative Tort of Tony Henegar - Claim No. 2019-0068*

Dear Mr. Mendoza and Ms. Koehler:

    Enclosed please find the Claim for Damage, Injury, or Death Form executed by Chi Henegar for her consortium claim.  You have previously been provided with information regarding Mrs. Henegar's claim.

    If you have any questions or would like additional information, please do not hesitate to contact me at any time.

        Sincerely,

        Sharon Jablonski Henry

4827-6487-9512, v. 1

**EXHIBIT A**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: <br><br> U.S. Department of health & Human Services <br> OGC/ general Law Division ( ATT: Claims) <br> 330 C Street, SW, Switzer Building, Suite 2600 <br> Washington, DC 20201 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.)  (Number, Street, City, State and Zip Code) <br> Chi Henegar <br> 11419 English Street <br> Orlando, FL 32817 |
|---|---|

| 3. TYPE OF EMPLOYMENT <br> ☐ MILITARY ☒CIVILIAN | 4. DATE OF BIRTH <br> 08/25/1959 | 5. MARITAL STATUS <br> Married | 6. DATE AND DAY OF ACCIDENT <br> January 10, 2017 | 7. TIME (A.M. OR P.M.) <br> 10:00AM |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof.  Use additional pages if necessary.)

Mr. Henegar who had a known past medical history of tongue cancer treated with external beam radiation ( 32 sessions)  and chemotherapy (3 sessions) went to Orange Blossum Family Health and was treated by Oral and Maxillary surgeon Dr. Davis who on January 10, 2017 used a mallet and chisel to remove a large segment of bone from Mr. Henegar's jaw. Despite Mr. Henegar's complaints of pain the procedure continued  to the point Mr. Henegar could tell his jaw was fractured. Exposed bone in the area of cancer is a clear indication of osteoradionecrosis. Immediate Hyperbaric Oxygen therapy, especially before any surgery has been and is the standard of care for over 25 years. It is deeply troubling that despite repeated visits for months, appropriate treatment was not given, his condition was aggravated and allowed to worsen and his jaw was broken.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM.  IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Mr. Henegar's jaw was broken which was extremely painful and required major surgery. The left mandible had to be resected. An immediate composite microvascular reconstruction of skin, muscle and bone was accomplished using a composite graft from his left scapular region. He has had persistent pain in both surgical sites and he now has limitation of left arm movement. He will need dental implant treatment to restore missing teeth he has lost in the surgical area. He also needs comprehensive Dental care to bring his mouth to a healthy state.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, and State, and Zip Code) | |
| Dr. V. Ramcharan- Oral and Maxillofacial surgeon | 2081 Dundee Drive, Winter Park, FL 32792 | |
| Dr. Juan Carlos Pinzon- Dentist referred on 1/31/17 | 13651 Hunters Oak Drive, Suite 105A, Orlando, FL 32837 | |
| Dr. James Beckeny ENT/ Dr. Bruce Haughey ENT | 410 Celebration Place Suite 305, Kissimmee, FL 34747 | |
| Dr. Keron Ferguson -Hyperbaric MD | 222 Broadway, Kissimmee, FL43741 | |
| Dr. Michael Sombeck - Radiation oncologist | 2501 N. Orange Ave STE 181, Orlando, FL 32804 | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY <br> 2,500,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) <br> 2,500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form <br> 386- 837-5312 | 14. DATE OF SIGNATURE <br> 08- /2018 5-30 19 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  □ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   □ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   □ Yes   □ No   | 17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance?  □ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   □ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:*  The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:*  The information requested is to be used in evaluating claims.
C. *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C.  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

SF 95   BACK

Section 8 (cont.):

Mr. Henegar was finally referred to a specialist.

Exposed bone in the area of cancer is a clear indication of osteoradiaonecrosis. Immediate Hyperbaric Oxygen therapy, especially before any surgery has been or is the standard of care for over 25 years. It is deeply troubling that despite repeated visits for months, appropriate treatment was not given, his condition was aggravated and allowed to worsen for months and his jaw was broken.


Section 10 (cont.):

Mrs. Henegar lost sleep as she watched her husband suffer and sat up with him at night when he could not sleep because of the pain. Mrs. Henegar makes a loss of consortium claim.

Eventually, the left mandible was resected. An immediate composite microvascular reconstruction of skin, muscle and bone was accomplished using a composite graft from his left scapular region. Mr. Henegar has had persistent pain in both surgical sites and he now has limitation of left arm movement. Mr. Henegar has permanent nerve damage on the left side of his tongue, jaw and face that causes continuous tingling, numbness, pain and muscle cramps. He drools when he tries to eat or drink. His sleep is disrupted. Mr. Henegar speaks with a lisp and has speech difficulties.

Mr. Henegar will need dental implant treatment to restore missing teeth he lost in the surgical area. He also needs comprehensive dental care to bring his mouth to a healthy state. The negligent treatment by Dr. Davis and Orange Blossom Family Health Dental Clinic that resulted in a broken jaw and delayed hyperbaric oxygen therapy has affected every aspect of Mr. and Mrs. Henegar's lives that will continue indefinitely.



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

NOV 1 8 2019

Office of the General Counsel
General Law Division
Claims Office
330 C Street, SW.
Switzer Building, Suite 2600
Washington, D.C. 20201

<u>**U.S. MAIL CERTIFIED - RETURN RECEIPT REQUESTED**</u>
(Article No. 7019 0700 0000 5319 7429)



Sharon Jablonski Henry, Esq.
Mateer Harbert
Two Landmark Center
225 East Robinson Street, Suite 600
Orlando, Florida 32801-4334

Re: <u>**Administrative Tort Claim of Tony Henegar**</u>, **Claim No. 2019-0068**

Dear Mr. Henry:

On January 18, 2019, you filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80, on behalf of your client, Tony Henegar, alleging, *inter alia*, that, on January 10, 2017, while Dr. Wilbur Davis and Dr. Erick Yglesias treated Tony Henegar at the Health Care Center for the Homeless ("HCCH") d/b/a Orange Blossom Family Health, located in Orlando, Florida, they committed dental malpractice while using a mallet and chisel to remove a large segment of bone from the left side of Mr. Henegar's jaw, requiring him to undergo surgery and suffer months of pain and suffering, as well permanent nerve damage to the left side of his face, jaw and tongue.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia,* injury or death caused by the negligent, or wrongful, act or omission of any employees of the Federal Government, while acting within the scope of employment.   Under the FTCA, said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination of your client's administrative tort claim, as required by 28 U.S.C. §§ 2401(b), 2675(a).   The evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment.   Neither Dr. Wilbur Davis nor Dr. Erick Yglesias are eligible for coverage under the FTCA.   Dr. Wilbur Davis was a Resident Faculty member of

**EXHIBIT B**

Sharon Jablonski Henry, Esq.
Subject: 2019-0068
Pg. 2

Larkin Hospital and Dr. Erick Yglesias who was a dental resident assisting Dr. Davis.
Accordingly, the administrative tort claim of Tony Henegar is denied.

If your client is dissatisfied with this determination, he may:

1.  file a written request with the Agency for reconsideration of the final
    determination denying the claim within six (6) months from the date of
    mailing of this determination (28 C.F.R. § 14.9); or

2.  file suit against the United States in the appropriate federal district court
    within six (6) months from the date of mailing of this determination (28
    U.S.C. § 2401(b)).

In the event your client requests reconsideration, the Agency will review the administrative tort
claim within six (6) months from the date the request is received.   If the reconsidered
administrative tort claim is denied, your client may file suit within six (6) months from the date
of mailing of the final determination.

Sincerely yours,

*Jennifer B. Smith*

Jennifer B. Smith
Acting Deputy Associate General Counsel
Claims and Employment Law Branch



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division
Claims Office
330 C Street, SW.
Switzer Building, Suite 2100
Washington, D.C. 20201
Ph: (202) 691-2395
daniel.mendoza@hhs.gov

JUN 1 0 2019

Sharon Jablonski Henry, Esq.
Mateer Harbert
Two Landmark Center
225 East Robinson Street, Suite 600
Orlando, Florida 32802-2854

Re: <u>**Administrative Tort Claim of Chi Henegar**</u>, Claim No. 2019-0425

Dear Ms. Henry:

This will acknowledge the receipt of your client, Chi Henegar's administrative tort claim, filed for personal injury as the result of alleged negligent dental care and treatment rendered to Mr. Tony Henegar, on January 10, 2017, by Dr. Davis and Orange Blossom Family Health Dental Clinic, a/k/a Health Care Center for the Homeless, located in Orlando, Florida. Your client's administrative tort claim was received in the Claims Office on May 31, 2019 for consideration and reply.

Yours truly,

Daniel F. Mendoza
Paralegal Specialist
Claims and Employment Law Branch

**EXHIBIT C**



## DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the General Counsel
General Law Division
Claims Office
330 C Street, SW.
Switzer Building, Suite 2600
Washington, D.C. 20201

MAR 0 9 2020



**U.S. MAIL CERTIFIED - RETURN RECEIPT REQUESTED**
(Article No. 7019 1120 0001 7113 6864)

Sharon Jablonski Henry, Esq.
Mateer Harbert
Two Landmark Center
225 East Robinson Street, Suite 600
Orlando, Florida 32801-4334

Re: <u>Administrative Tort Claim of Chi Henegar</u>, Claim No. 2019-0452

Dear Ms. Henry:

On May 31, 2019, you filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80, on behalf of your client, Chi Henegar, alleging personal injury, *inter alia*, alleging that, on January 10, 2017, while Dr. Wilbur Davis and Dr. Erick Yglesias treated Tony Henegar at the Health Care Center for the Homeless ("HCCH") d/b/a Orange Blossom Family Health, located in Orlando, Florida, they committed dental malpractice while using a mallet and chisel to remove a large segment of bone from the left side of Mr. Henegar's jaw, requiring him to undergo surgery and suffer months of pain and suffering, as well permanent nerve damage to the left side of his face, jaw and tongue.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia,* injury or death caused by the negligent, or wrongful, act or omission of any employees of the Federal Government, while acting within the scope of employment.   Under the FTCA, said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination of your client's administrative tort claim, as required by 28 U.S.C. §§ 2401(b), 2675(a).   The evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment.   Neither Dr. Wilbur Davis nor Dr. Erick Yglesias are eligible for coverage under the FTCA.   Dr. Wilbur Davis was a Resident Faculty member of

**EXHIBIT D**

Sharon Jablonski Henry, Esq.
Subject: 2019-0452
Pg. 2

Larkin Hospital and Dr. Erick Yglesias who was a dental resident assisting Dr. Davis.
Accordingly, the administrative tort claim of Chi Henegar is denied.

If your client is dissatisfied with this determination, she may:

1. file a written request with the Agency for reconsideration of the final
   determination denying the claim within six (6) months from the date of
   mailing of this determination (28 C.F.R. § 14.9); or

2. file suit against the United States in the appropriate federal district court
   within six (6) months from the date of mailing of this determination (28
   U.S.C. § 2401(b)).

In the event your client requests reconsideration, the Agency will review the administrative tort
claim within six (6) months from the date the request is received.   If the reconsidered
administrative tort claim is denied, your client may file suit within six (6) months from the date
of mailing of the final determination.

Sincerely yours,

*Jennifer B. Smith*

Jennifer B. Smith
Acting Deputy Associate General Counsel
Claims and Employment Law Branch